UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
RUBEN BELTRAN,

                       Petitioner,                     NOT FOR PUBLICATION
                                                          **MEMORANDUM & ORDER**
    -against-                                       15-CV-7201 (CBA)

WILLIAM F. KEYSER, Superintendent,

                       Respondent.
------------------------------------------------------------x

**AMON, United States District Judge:**

On January 26, 2010, petitioner Ruben Beltran was convicted in New York Supreme Court, Kings County, of first degree sexual conduct against a child and endangering the welfare of a child. After commencing the instant action on December 14, 2015, by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, (D.E. # 1 ("Petition")), Beltran filed a motion for discovery on May 16, 2017, (D.E. # 13 ("Discovery Mot.")). For the following reasons, Beltran's request for discovery is denied.

## BACKGROUND

Before Beltran was sentenced to a total of thirty-two years following his conviction, he filed a counseled motion to set aside the verdict pursuant to New York Criminal Procedure Law ("C.P.L.R.") § 330.30 on the grounds that: (1) his trial counsel was ineffective; (2) the use of a closed-circuit television to facilitate one of the victim's testimony violated the Confrontation Clause of the Sixth Amendment; (3) the misdemeanor count of endangering the welfare of a child was time-barred, and; (4) the two counts of first-degree course of sexual conduct against a child were duplicitous. The trial court granted Beltran's § 330.30 motion solely on the grounds that the misdemeanor counts of endangering the welfare of a child were time-barred. (See D.E. # 8 ("Resp. Ex.") S.) The trial court then sentenced Beltran to concurrent terms of imprisonment of twenty-

1

five years on each count of first-degree sexual conduct against a child relating to Victim 1, to run consecutively with a term of seven years for the first-degree sexual abuse count relating to Victim 2. (Id.)

On December 3, 2010, Beltran filed a counseled motion pursuant to C.P.L.R § 440.10 seeking to vacate the judgment of conviction on the ground that his trial counsel had rendered constitutionally ineffective assistance by failing to call a child sex abuse expert to rebut the state's expert witnesses. (Dolan Aff. ¶ 13; Resp. Ex. B.) Beltran also argued that his trial counsel was ineffective because he failed to call Beltran's wife to testify on his behalf. (Id.) The court granted him a hearing, at which his trial counsel testified, along with an expert that trial counsel had consulted with prior to trial. (Resp. Ex. D.) Following the hearing, the court permitted Beltran to supplement the record by submitting written statements from a child psychologist and pediatrician. (Id.)

On March 16, 2012, in an exhaustive analysis, the court ruled that Beltran failed to establish that his trial counsel had provided ineffective assistance. (Resp. Ex. H.) The court found that, after consulting with a potential expert, trial counsel had made a reasonable decision to not engage in a "battle of the experts" to rebut the prosecution's case. (Id.) The court found that this was especially so since trial counsel used cross-examination to elicit concessions from the prosecution's expert witnesses. (Id.) The court also analyzed the shortcomings of Beltran's proposed experts and concluded that, at most, they would have provided the same testimony that trial counsel adduced from the prosecution's expert witnesses on cross examination. (Id.) The Appellate Division thereafter denied Beltran's leave to appeal this ruling on June 11, 2012. (Dolan Aff. ¶ 33.)

On June 8, 2011, Beltran filed a direct appeal of his conviction to the Appellate Division. In this appeal, Beltran argued that the trial court abused its discretion by: (1) denying his motion for a mistrial, which was based upon Victim 2 becoming emotional during her testimony; (2) the trial court erred in determining that Victim 2 was a vulnerable witness and thereafter permitting her to testify via closed circuit television; (3) the jury should have been instructed not to comingle the evidence; (4) the second count of a course of sexual conduct against a child in the first degree was duplicative of the first such count, and; (5) his sentence was excessive. (Resp. Ex. I.) Beltran then filed a pro se supplemental brief, in which he argued that his trial counsel was ineffective for failing to call expert witnesses and his wife to testify on his behalf. (Resp. Ex. K.) The Appellate Division denied Beltran's motion, except that it found that the second count of a course of sexual conduct against a child in the first degree was duplicative of the first count. See People v. Beltran, 110 A.D.3d 153, 162 (2nd Dep't 2013). Accordingly, the Appellate Division vacated the concurrent sentence imposed by the second count. Id. The Appellate Division also found that Beltran's ineffective assistance of counsel argument was not properly raised on direct appeal because it involved matters outside of the trial record. Id. at 163.

On September 3, 2014, Beltran again moved to vacate his judgment of conviction pursuant to C.P.L.R § 440.10. (Resp. Ex. M.) Instead of challenging the ineffective assistance of counsel as he did in his previous § 440.10 motion, Beltran argued that the prosecutor engaged in misconduct of reversible magnitude by arguing that the testimony of one of the state's expert witnesses supported a conclusion that Beltran committed the crimes, when the expert had also testified that the victim's injuries could have been sustained much more recently, during a time period in which Beltran was not in contact with her. (Resp. Ex. O at 3.) The court found this claim procedurally barred and in any event, meritless. (Id. at 4–5.) On the procedural bar issue,

the court found that Beltran's "claims are entirely based on the trial record and, thus, the unjustifiable failure to raise them on direct appeal precludes review in this motion." (Id. at 4.) On the merits, the court found that even if the claim was not procedurally barred, it was groundless because the expert witness' testimony was in fact consistent with finding Beltran guilty, even if that was not the only conclusion that could be drawn from that witness' testimony. (Id. at 5.) On June 23, 2015, the Appellate Division denied Beltran's appeal. (Dolan Aff. at ¶ 52.) On September 11, 2015, the New York Court of Appeals affirmed the Appellate Division's decision. (Id.)

On December 14, 2015, Beltran commenced the instant action seeking a writ of habeas corpus. His petition raises the following claims: (1) his trial counsel was ineffective because he (a) failed to a call a psychological expert; (b) failed to a call a medical expert; (c) failed to call Beltran's wife to testify on his behalf; and (d) elicited damaging testimony from a hostile witness of an uncharged crime; (2) he was denied the right to a fair trial because: (a) the court failed to provide adequate assistance for his hearing impairment; (b) the prosecutor used an enlarged photo that included one of the victim's sisters; and (c) the prosecutor misrepresented the medical evidence and expert testimony; (3) his confrontation clause rights under the Sixth Amendment were violated when the state court found that one of witnesses was vulnerable and therefore could testify via closed-circuit television; and (4) his due process rights were violated by the trial court's refusal to grant a mistrial after one of the victims became very emotional on the witness stand. (See Petition.)

On September 15, 2016, respondents opposed the petition. (D.E. # 8 ("Opp.").) After being afforded several extensions of time to file a reply, (D.E. ## 10–12), Beltran instead filed a motion seeking three items of discovery to support his ineffective assistance of counsel and fair trial claims, (Discovery Mot.). Respondents did not respond to Beltran's motion.

## DISCUSSION

"A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." Bracy v. Gramley, 520 U.S. 899, 904 (1997). Rule 6(a) of the Rules Governing § 2254 Cases provides that a habeas petitioner is entitled to discovery "if, and to the extent that, the judge in the exercise of his discretion and for good cause shown grants leave to do so, but not otherwise." Id. at 904. A petitioner may show good cause by presenting "specific allegations" that give the Court "reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief." Id. at 908–909 (quoting Harris v. Nelson, 394 U.S. 286, 300 (1969)). Generalized statements regarding the possibility of the existence of discoverable material cannot yield "good cause." Gonzalez v. Bennett, No. 00-CV-8401, 2001 WL 1537553, at *4 (S.D.N.Y. Nov. 30, 2001). Furthermore, "Rule 6 does not license a petitioner to engage in a 'fishing expedition' by seeking documents 'merely to determine whether the requested items contain any grounds that might support his petition, and not because the documents actually advance his claims of error.'" Ruine v. Walsh, No. 00-CV-3798 (RWS), 2005 WL 1668855 at *6 (S.D.N.Y. July 14, 2005) (quoting Charles v. Artuz, 21 F. Supp. 2d 168, 169 (E.D.N.Y. 1998)). In all cases, the petitioner "bears a heavy burden in establishing a right to discovery." Renis v. Thomas, No. 02-CV-9256 (DAB), 2003 WL 22358799, at *2 (S.D.N.Y. Oct. 16, 2003) (citing Bracy, 520 U.S. at 904).

Here, Beltran seeks three items in support his ineffective assistance and fair trial claims. First, he seeks the "complete grand jury minutes from [his] indictments" in support of his claim that the prosecutor's misrepresentations of the medical evidence denied him the right to a fair trial. (Id. at 1.) Second, Beltran requests "trial counsel's complete files" to support his claims for ineffective assistance of counsel. (Id. at 2.) Third, Beltran seeks the "prosecutor's files and work

5

product . . . to illustrate again how the medical report and testimony was misrepresented to the jury." (Id.) The Court begins by addressing Beltran's request for discovery to support his ineffective assistance claims and then turns to his discovery requests in support of his fair trial claims.

In addition to the "heavy burden" Beltran ordinarily faces to obtain discovery, his request for discovery in support of his ineffective assistance claims faces another formidable barrier. In considering his ineffective assistance of counsel claims, the Court's review will be limited to determining whether the state court's decision on Beltran's first § 440.10 petition was an unreasonable application of federal law or an unreasonable determination of the facts under §2254(d)(1). In Cullen v. Pinholster, 563 U.S. 170, 178 (2011), the Supreme Court made it clear that where, as here, a state court has adjudicated a claim on the merits, the federal court's review must be limited to the record that was before the state court. "[E]vidence introduced in federal court has no bearing on § 2254(d)(1) review." Id. at 185. Thus, "if a claim has been adjudicated on the merits by a state court, a federal habeas petitioner must overcome the limitation of § 2254(d)(1) on the record that was before that state court." Id. Put differently, after a claim has been adjudicated on the merits, "[n]ew evidence produced in a hearing before a habeas court . . . may not be used to assess whether the state court's decision was contrary to or involved an unreasonable application of clearly established federal law." Branch v. Sweeney, 758 F.3d 226, 241 (3d Cir. 2014) (quoting Pinholster, 563 U.S. at 180–81 (emphasis added)).

Here, Beltran has not demonstrated that he is entitled to discovery. There is no dispute that this portion of his habeas petition is governed by 28 U.S.C. § 2254(d)(1) because he raised these exact same claims in his first § 440.10 petition and the state court, after conducting a hearing, decided that he had not demonstrated that trial counsel provided ineffective assistance of counsel.

(Resp. Ex. H.) As a result, this Court's review is "limited to the record that was before the state court that adjudicated the claim on the merits." Pinholster, 563 U.S. at 181; see also Jackson v. Conway, 763 F.3d 115, 135 (2d Cir. 2014) ("[T]he rule expressed in Pinholster generally prohibits us from relying on evidence beyond the state court record to reach our result." (internal quotation marks omitted)). "Since the Court cannot consider any evidence that [petitioner] might obtain through discovery in evaluating his habeas petition, [he] has not shown that discovery would allow him to demonstrate that he is entitled to relief." Olsen v. Doldo, No. 16-CV-5366 (RA), 2017 WL 1422431, at *4 (S.D.N.Y. Apr. 20, 2017); see also Davis v. Bobby, No. 10-CV-107, 2017 WL 2544083, at *3 (S.D. Ohio June 13, 2017) ("[Pinholster] also begs the question, "How can good cause exist to conduct discovery that, as a matter of law, cannot be used? Put simply, unusable evidence cannot lead to relief." (citations omitted)). Beltran has made no showing that he could meet § 2254(d)(1)'s demanding strictures. Thus, his motion for discovery to support his ineffective assistance of counsel claim is denied.

As for Beltran's claims that he should be given discovery to support his claims that he was denied a fair trial due to the prosecution's purported misrepresentations of medical evidence, these claims fail because he has not shown good cause for discovery. Beltran's habeas claim is the prosecutor's summation misrepresented the record by arguing that the testimony of a medical expert supported the conclusion that Beltran had committed the crime. (Petition at 7.) Beltran argues that this summation was wrong because his trial counsel had adduced a concession from this expert that the medical evidence also supported a finding that the injuries were sustained very recently—a time at which Beltran could not have committed the crime. (Discovery Mot. at 2.) Because the medical evidence, the expert's testimony, and the prosecution's summation are already in the record, the Court finds that Beltran has failed to demonstrate good cause for why he

needs any additional evidence to support his claim that he was denied a fair trial. Beltran's conclusory statements that the "requested items are highly material" to his claims, (Discovery Mot. at 2), are plainly insufficient to meet the good cause standard, see Renis, 2003 WL 22358799, at *1 ("Generalized statements regarding the possibility of the existence of discoverable material cannot yield 'good cause.'") (quoting Gonzalez, 2001 WL 1537553, at *4)); Green v. Artuz, 990 F. Supp. 267, 271 (S.D.N.Y. 1998) (same) (citing Munoz v. Keane, 777 F. Supp. 282, 287 (S.D.N.Y. 1991)).

Moreover, Beltran has failed to demonstrate good cause for obtaining discovery because he has failed to show that this branch of his fair trial claim is not procedurally barred. Where a petitioner's claim appears procedurally barred, "the proper course is to determine the motion on the record, without further unnecessary expenditure of judicial resources" unless the petitioner offers reasons to believe that he may be able to overcome the procedural bar. See Bisaccia v. United States, No. 97-CV-3659 (ILG), 2000 WL 703014, at *6 (E.D.N.Y. Apr. 12, 2000); see also Wright v. Poole, 81 F. Supp. 3d 280, 288 (S.D.N.Y. 2014) (denying discovery where petitioner offered no reason to "believe that further factual development through the discovery sought by [p]etitioner would change the Court's conclusions that Ground Four is procedurally barred.").

When presented with this claim in Beltran's second § 440.10 motion, the state court found that its review of this claim was barred, reasoning that it "was entirely based on the trial record, and thus, the unjustifiable failure to raise them on direct appeal precludes their review on this motion." (Resp. Ex. O at 5.) "It is well established that federal courts will not review questions of federal law presented in a habeas petition application when the state court's decision rests upon a state-law ground that is independent of the federal question and adequate to support the judgment." Cone v. Bell, 556 U.S. 449, 465 (2009) (internal quotation marks and citations

omitted). Where the state court has actually and explicitly relied upon procedural default to dispose of a claim, there is an "adequate and independent state ground" for the judgment, and federal habeas review is prohibited. Harris v. Reed, 489 U.S. 255, 260 (1989); see also Galarza v. Keane, 252 F.3d 630, 637 (2d Cir. 2001) (holding that the state court's reliance must be "unambiguous and clear from the face of the opinion"). Directly applicable to the instant case, "[t]he Second Circuit has regularly held that a court's denial of a § 440.10 motion on the basis of the movant's failure to raise an issue on direct appeal is an independent and adequate state ground barring federal habeas review." Acevedo v. Capra, No. 13-CV-5579 (BMC), 2014 WL 1236763, at *10 (E.D.N.Y. Mar. 25, 2014) (citing Sweet v. Bennett, 353 F.3d 135, 139–40 (2d Cir. 2003)), aff'd, 600 F. App'x 801 (2d Cir. 2015).

Despite the firmly established procedural bar rule, Beltran has failed to demonstrate even the most remote prospects of overcoming the procedural bar on this branch of his fair trial claim. He has consequently failed to demonstrate "good cause" for permitting him to take discovery because he has offered no reason to believe that this Court will ever reach the merits of this claim. See Gonzalez v. United States, No. 12-CV-5226 (JSR), 2013 WL 2350434, at *3 (S.D.N.Y. May 23, 2013) ("A petitioner can meet his burden of showing 'good cause' for discovery only when "'specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief.'" (quoting Bracy, 520 U.S. at 908–09)); Reyes v. Artus, No. 10-CV-7379 (LAP), 2016 WL 1258976, at *6 (S.D.N.Y. Mar. 28, 2016) ("[E]ven if Reyes were granted his discovery requests and were permitted to fully develop such facts, he would not be entitled to relief on this claim. Thus, Reyes has not demonstrated 'good cause' for his discovery requests."). Accordingly, Beltran's motion for discovery is denied.

## CONCLUSION

For the reasons stated above, the Court denies Beltran's requests for discovery.

SO ORDERED.

Dated: March 2, 2018
      Brooklyn, New York

                                          s/Carol Bagley Amon
                                          Carol Bagley Amon
                                          United States District Judge